IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK JOSEPH HELSEL,

                                      OPINION and ORDER

               Plaintiff,

                                      13-cv-685-bbc

    v.

COLUMBIA CORR. INSTITUTION
H.S.U. STAFF,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Mark Helsel, a prisoner incarcerated at the Columbia Correctional Institution, has filed this proposed lawsuit raising claims against prison staff for their failure to properly treat his medical problems. The court has already concluded that plaintiff qualifies financially for in forma pauperis status and he has paid an initial partial payment of the filing fee.

      The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010).

      After reviewing plaintiff's complaint, I conclude that he may not proceed at this time because his complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8.

1

Rule 8 requires plaintiff to plead enough allegations of fact to make a claim for relief plausible, that is, reasonable on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether the details in the complaint satisfy this standard, a district court should consider only factual allegations and disregard "mere conclusory statements." Iqbal, 556 U.S. at 678. A complaint consisting of nothing more than "naked assertions devoid of further factual enhancement" must be dismissed for failing to meet the requirements of Rule 8. Id.

Plaintiff has named "Health Services Unit staff" as defendants and states the following in the body of his complaint: "I had been denied medical treatment for many different problems that was never done of taken care of and in the D.O.C. handbook if an inmate is denied medical treatment it can result in a possible lawsuit."

These allegations read more like a statement that plaintiff is *planning* to bring a lawsuit rather than the actual lawsuit itself. They are so lacking in detail that they do not put defendants on notice of what they did to violate his rights. Therefore I must dismiss the complaint.

I will give plaintiff an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

- What medical conditions did plaintiff have?

- Whom did plaintiff ask for treatment? When did he ask?
- How did defendants respond?
- How was plaintiff harmed?

Plaintiff should identify clearly the facts that form the basis for his claims against defendants and should set forth his allegations in separate, numbered paragraphs using short and plain statements. I note that plaintiff has submitted a letter in which he states that staff is not treating his chest pain, but that letter is not part of the complaint and so I cannot consider it at this time. He should add those allegations to his amended complaint.

Plaintiff should also consider whom to name as defendants in the new complaint. If he knows the identity of any individual who failed to treat him, he should name that person in the complaint and explain what that person did to harm him. If plaintiff does not know any individual's names, he may refer to the individual as John or Jane John Doe 1, John Doe 2, etc., but he will need to explain what each individual defendant did to violate his rights.

Plaintiff may have until January 7, 2014 to submit an amended complaint. If he does not submit his amendment by this deadline, I will direct the clerk of court to enter judgment in favor of defendants and close the case.

ORDER

IT IS ORDERED that plaintiff Mark Helsel's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until January 7, 2014 to submit an amended complaint. If plaintiff fails to do so by this deadline, I will direct the clerk of court to enter

judgment in favor of defendants.

    Entered this 18th day of December, 2013.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge